

### State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ  08625-0080

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

December 20, 2023

The Honorable Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: *First Choice Women's Resource Ctrs., Inc. v. Platkin*, No. 3:23-cv-23076

Dear Judge Shipp,

After meeting and conferring, the parties jointly request the following briefing schedule for Plaintiff's motion for preliminary injunction (ECF No. 5, 6, 12):

- State's opposition papers: February 2, 2024
- Plaintiff's reply: February 23, 2024.

The parties were unable to come to an agreement about interim relief, and their respective positions are as follows. The parties also attach their correspondence following the meet-and-confer.

**State's Position**:

This Court should not issue a TRO barring the State from enforcing the November 15, 2023 Subpoena in the interim period.

The State's request is narrow. The State's objective is *not* to obtain documents before this Court considers the PI papers. Rather, the State's objective is to prevent the following scenario: even if this court denies a PI, Plaintiff still would not produce documents, and the State would have to file a subsequent subpoena enforcement action



HUGHES JUSTICE COMPLEX · TELEPHONE: (609)376-2791 FAX: (609)292-3508
*New Jersey is an Equal Opportunity Employer · Printed on Recycled Paper and Recyclable*

in state court, where Plaintiff would raise additional state-law defenses. That process—PI adjudication in this Court and appeal, followed by state-court litigation and related state-court appeals—can delay obtaining documents for many months or even years, even if the Subpoena is adjudged lawful.

Plaintiff unfortunately rejected the State's proposed solution.. The State is willing to suspend the Subpoena's return date until after this Court resolves the PI motion and even until after any emergency application pending appeal, but if those motions are denied, Plaintiff must comply with the Subpoena within 30 days, and will not require the State to file a subsequent state-court action to enforce the Subpoena. Plaintiff disagreed, representing that it reserves rights to litigate additional state-law defenses to the Subpoena. Plaintiff cannot undercut the State's authority to enforce its rights in state court merely by filing a PI, yet still insist on subsequent state-court proceedings if it loses.

The State now proposes a path forward to the Court. The State only seeks the ability to initiate a state-court subpoena-enforcement action, so that if the PI is denied, the State can timely access documents. The State will *not*, however, request sanctions against Plaintiff in the form of penalties or an injunction for non-compliance with the Subpoena, and would only do so if Plaintiff subsequently violates a court order. This Court's order denying a TRO could include findings regarding the State's binding commitment, but would otherwise allow the State to initiate a state court subpoena-enforcement action.

Nor will the subpoena-enforcement action harm Plaintiff. Without any threat of penalties, it  needs only litigate any defenses in Superior Court—the only court that can ultimately order compliance with the subpoena. *See* N.J. Stat. Ann. § 45:17A-33; § 45:1-18; § 56:8-3. Blackletter law makes clear that litigating claims in a court of law is not irreparable harm. *See F.T.C. v. Standard Oil Co. of Calif.*, 449 U.S. 232, 244 (1980). Moreover, there is little chance the subpoena-enforcement action will conclude before this Court resolves the PI. Nor would document production necessarily moot Plaintiff's arguments if the documents would be used in any future enforcement action.

If this Court grants a PI, Plaintiffs of course need not produce the documents. But if a PI is denied, the State must be entitled to timely access those documents. The State's proposal achieves both goals. By contrast, a TRO preventing the State from initiating the months-long enforcement process in state court imposes serious delay on the State—even if this Court eventually agrees this is a lawful Subpoena.

**Plaintiff's Position**:

On the matter of interim relief, First Choice agrees with the Court's proposal to suspend the due date of the Subpoena, which First Choice submits should run until 30 days after the Court rules on the preliminary-injunction motion. The Court may

grant this relief either under its general case management authority to set deadlines for the orderly conduct of proceedings, *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), or as a temporary restraining order.

This case calls for the classic use of a temporary restraining order, which is to preserve the status quo. *J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.*, 287 F.3d 267, 273 (3d Cir. 2002) (collecting cases). Allowing enforcement of the Subpoena now could well moot this proceeding, and as shown in the Verified Complaint, would irreparably harm First Choice. It would divert First Choice's resources and severely limit its ability to carry out its mission, ECF No. 1 ¶¶ 72–74, as well as harming its associational interests by alienating donors, officers, employees, volunteers, and vendors through fear of retaliation and public disclosure, *id.* ¶¶ 75–79. In contrast, the Attorney General faces no irreparable harm, having shown no urgent need for the documents he requests. Plus, "[t]here is a strong public interest in upholding the requirements of the First Amendment." *Amalgamated Transit Union Loc. 85 v. Port Auth. of Allegheny Cnty.*, 39 F.4th 95, 109 (3d Cir. 2022).

First Choice has also made the requisite showing on the merits of its challenge under the First, Fourth, and Fourteenth Amendments. That does not require "a resolution of 'any merit-based issue.'" *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (quotation omitted). Rather, relief is appropriate based on a showing of "reasonable probability of eventual success in the litigation," which means "significantly better than negligible," not "more likely than not." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176, 179 (3d Cir. 2017) (quotation omitted). Even further, if irreparable harm to the movant "decidedly outweighs any potential harm" to the opposing party, then the movant need only show "serious questions going to the merits." *In re Revel AC, Inc.*, 802 F.3d 558, 569–70 (3d Cir. 2015) (quotation omitted). First Choice clearly meets that standard: the irreparable harm to First Choice from the Attorney General's unlawful Subpoena wholly eclipses his desire to obtain documents, and there can be no dispute that this case presents serious questions going to the merits.

First Choice cannot accept the Attorney General's proposal for temporary relief, which would require First Choice to abandon any state-law defenses to the Subpoena (see attached correspondence). The proposal would also limit First Choice's appellate rights to emergency motion practice and thus require it to forego a merits adjudication on appeal. Yet the proposal would not require the same of the Attorney General. The Subpoena is unlawful in its entirety, and First Choice cannot preliminarily abandon its right to assert that position before any court.

Respectfully yours,

By: /s/  Angela Cai

Angela Cai
Deputy Solicitor General
Counsel for Defendant

By: /s/Lincoln Davis Wilson
Lincoln Davis Wilson
Counsel for First Choice Women's Resource
Centers, Inc.

CC: All counsel via ECF

Exhibit A

## Angela Cai

**From:** Lincoln Wilson <lwilson@adflegal.org>
**Sent:** Tuesday, December 19, 2023 5:55 PM
**To:** Angela Cai; Tim Garrison
**Cc:** Chanel VanDyke
**Subject:** [EXTERNAL] RE: PI briefing schedule

Thanks Angela. To begin with the positives, your proposed briefing schedule is fine with us. However, what you outline below is not our position on interim relief. We do not maintain that we will not comply with a valid subpoena, but rather that if a PI and all emergency appellate relief is denied, we reserve our rights to litigate state-law defenses to the validity of the subpoena and to federal appellate review on the merits, rather than just an emergency application. That said, I suspect we still will not reach an agreement on this point, so we will plan on sending you our section on this issue for the joint letter by 4:30 tomorrow. Should we agree in advance to word limits on those inserts?

Thank you,

Lincoln

**From:** Angela Cai <Angela.Cai@njoag.gov>
**Sent:** Tuesday, December 19, 2023 2:48 PM
**To:** Lincoln Wilson <lwilson@adflegal.org>; Tim Garrison <tgarrison@adflegal.org>
**Cc:** Chanel VanDyke <Chanel.VanDyke@law.njoag.gov>
**Subject:** RE: PI briefing schedule

You don't often get email from angela.cai@njoag.gov. Learn why this is important

**\*EXTERNAL\***

Hi Lincoln,

I just wanted to confirm that you are rejecting the following proposal:

> Defendant would agree not to initiate subpoena enforcement proceedings regarding the Subpoena in New Jersey Superior Court pending resolution of the motion for preliminary injunction in the District of New Jersey and emergency motion for injunction pending appeal to the Third Circuit Court of Appeals and/or emergency application to the United States Supreme Court ("emergency appellate relief"). If Plaintiff's motion for preliminary injunction is denied, and emergency appellate relief is denied, Plaintiff shall comply with the subpoena within 30 days of the last denial without a subpoena-enforcement order from the New Jersey Superior Court, and thus waives any state law defenses to the validity of the Subpoena. In the event of a deficient production, Defendant retain all rights to pursue all available remedies in New Jersey Superior Court.

If so, is your position that even if a PI and emergency appellate relief is denied in the federal courts, your client would still refuse to comply with the Subpoena, and only *then* can the State even begin to initiate subpoena-enforcement proceedings in New Jersey Superior Court?

If that is correct, let's do this: each party will submit its position on this issue of interim relief to the Court in the joint letter. Please send me your section by 4:30pm tomorrow.

1

Regarding the briefing schedule for the PI.  The State does not plan to file a combined motion to dismiss at this time.  As such, are you amenable to the following PI briefing schedule per our phone discussion?

- State's opposition papers: February 2, 2024
- Plaintiff's reply: February 23, 2024.

Thanks,
Angela


Angela Cai
Deputy Solicitor General
Office of the New Jersey Attorney General
(609) 414-5954
angela.cai@njoag.gov

---

**From:** Lincoln Wilson <lwilson@adflegal.org>
**Sent:** Tuesday, December 19, 2023 4:56 PM
**To:** Angela Cai <Angela.Cai@njoag.gov>; Tim Garrison <tgarrison@adflegal.org>
**Cc:** Chanel VanDyke <Chanel.VanDyke@law.njoag.gov>
**Subject:** [EXTERNAL] RE: PI briefing schedule

Angela and Chanel:

Thank you for speaking with us this afternoon. As discussed, we are happy to agree to a briefing schedule with your opposition in late January or early February and our reply three weeks later. Please let us know if you plan to move to dismiss and we can adjust timing and page limits as appropriate.

Separately, we have now had the opportunity to speak to our client, and we are unable to agree to your proposal regarding interim relief. We believe we should adopt the approach the Court suggested, which would be to suspend the due date on the subpoena and to have it resume within 30 days of any order denying our motion for preliminary injunction. Please let us know as soon as possible if that is acceptable to the Attorney General.

Thank you,

Lincoln Davis Wilson

---

**From:** Angela Cai <Angela.Cai@njoag.gov>
**Sent:** Tuesday, December 19, 2023 9:05 AM
**To:** Lincoln Wilson <lwilson@adflegal.org>; Tim Garrison <tgarrison@adflegal.org>
**Subject:** RE: PI briefing schedule

You don't often get email from angela.cai@njoag.gov. Learn why this is important

*EXTERNAL*

---

Yes, that would work. I can send around a dial-in.

---

**From:** Lincoln Wilson <lwilson@adflegal.org>
**Sent:** Tuesday, December 19, 2023 12:02 PM

2

**To:** Angela Cai <Angela.Cai@njoag.gov>; Tim Garrison <tgarrison@adflegal.org>
**Subject:** [EXTERNAL] RE: PI briefing schedule

Hi Angela,

Was just emailing you. Either time works for me, but 2:00 pm would be better so we can iron out any issues sooner. Tim, does that work for you?

Thanks,

Lincoln



Lincoln Wilson
Sr. Counsel, Center for Life
+1 571 707 4655 (Office)
571-707-4790 (Fax)
lwilson@adflegal.org
ADFlegal.org

**From:** Angela Cai <Angela.Cai@njoag.gov>
**Sent:** Tuesday, December 19, 2023 9:00 AM
**To:** Tim Garrison <tgarrison@adflegal.org>; Lincoln Wilson <lwilson@adflegal.org>
**Subject:** PI briefing schedule

**\*EXTERNAL\***

Tim and Lincoln,

Would you like to have a phone call to discuss? I'm available at 2pm and 4pm and later EST today.

Thank you,
Angela

Angela Cai
Deputy Solicitor General
Office of the New Jersey Attorney General
(609) 414-5954
angela.cai@njoag.gov

CONFIDENTIALITY NOTICE The information contained in this communication from the Office of the New Jersey Attorney General is privileged and confidential and is intended for the sole use of the persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you have received this communication in error, please immediately contact the Office of the Attorney General at (609) 292-4925 to arrange for the return of this information.
CONFIDENTIALITY NOTICE The information contained in this communication from the Office of the New Jersey Attorney General is privileged and confidential and is intended for the sole use of the persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the dissemination, distribution, copying or use of the information it

contains is strictly prohibited. If you have received this communication in error, please immediately contact the Office of the Attorney General at (609) 292-4925 to arrange for the return of this information.

CONFIDENTIALITY NOTICE The information contained in this communication from the Office of the New Jersey Attorney General is privileged and confidential and is intended for the sole use of the persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you have received this communication in error, please immediately contact the Office of the Attorney General at (609) 292-4925 to arrange for the return of this information.