Lincoln Davis Wilson (N.J. Bar No. 02011-2008)
Timothy A. Garrison*
Gabriella McIntyre*
Mercer Martin*
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
lwilson@ADFLegal.org
tgarrison@ADFLegal.org
gmcintyre@ADFLegal.org
mmartin@ADFLegal.org

*Counsel for Plaintiff*
*\*Motion for pro hac vice admission pending*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# TRENTON VICINAGE

| | |
|---|---|
| **FIRST CHOICE WOMEN'S RESOURCE CENTERS, INC.,** *Plaintiff,* v. **MATTHEW PLATKIN**, in his official capacity as Attorney General for the State of New Jersey, *Defendant.* | Civil Action File No.: 3:23-cv-23076 **PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL** <u>**Expedited Consideration Requested**</u> *Document Filed Electronically* |

## **EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL**

Plaintiff First Choice Women's Resource Centers, Inc. hereby moves this Court on an emergency basis for an injunction pending appeal. *See* Fed. R. App. P. 8; L. Civ. R. 65.1(d). **First Choice requests expedited consideration**.

First Choice commenced this action with the simultaneous filing of its Verified Complaint and a motion for preliminary injunction and temporary restraining order. On January 12, 2024, the Court denied First Choice's motion for a temporary restraining order and preliminary injunction and *sua sponte* dismissed this action for lack of subject matter jurisdiction, finding First Choice's claims unripe. ECF No. 29. On January 16, 2024, First Choice filed a notice of appeal. ECF No. 30. To protect it from irreparable harm pending that appeal, First Choice now moves for an injunction pending appeal. First Choice recognizes that this Court has already rejected the primary findings required for such an injunction, having found that it lacks jurisdiction. Therefore, First Choice respectfully requests that the Court expeditiously rule on this motion so that, assuming the Court adheres to its prior determination, First Choice may promptly seek relief in the Third Circuit to protect it from imminent, irreparable harm. *See* Fed. R. App. P. 8; L. Civ. R. 65.1(d); *see U. S. ex rel. Barnwell v. Rundle*, 461 F.2d 768, 769 (3d Cir. 1972) (denying motion for stay pending appeal where plaintiff failed to first move in district court).

As explained in First Choice's motion for a temporary restraining order and preliminary injunction, as well as its supplemental filings and complaint, all of which First Choice relies on and incorporates here by reference, First Choice's constitutional claims are ripe for decision by this Court, and an injunction is warranted. First Choice respectfully submits that it has suffered concrete injuries such that its claims are ripe, and the Court retains jurisdiction over this matter to enter an injunction. *See Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 27 F.4th 886, 896 (3d Cir. 2022) (district court violated its obligation "to exercise the jurisdiction given" by abstaining from action seeking to enjoin subpoena enforcement (internal quotation omitted)). First, the Ministry has a constitutional injury, since a violation of free speech rights "unquestionably constitutes irreparable injury." *B.H. ex rel. Hawk v. Easton Area Sch. Dist.*, 725 F.3d 293, 323 (3d Cir. 2013) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Second, First Choice suffers a judicial injury from AG Platkin's threat to enforce the Subpoena. *See* N.J. Stat. Ann. §§ 45:17A-33(g), 56:8-6 (penalties for noncompliance with subpoena include contempt of court, suspension of corporate charter, and civil penalties). And third, First Choice has practical injuries from the Subpoena, as the burden of complying will divert First Choice's resources from helping vulnerable women to basic administrative needs of compliance. ECF No. 1 ¶¶ 72–74. Nevertheless, First Choice

recognizes that the Court has rejected these arguments and followed the Fifth Circuit's decision in *Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir. 2016).

Facing a parallel enforcement proceeding in state court would cause First Choice irreparable harm. It would chill First Choice's speech and religious expression rights, as well as harm its associational interests by alienating donors, officers, employees, volunteers, and vendors through fear of retaliation and public disclosure, *id.* at ¶¶ 75–79. *See also B.H. ex rel. Hawk*, 725 F.3d at 323. The balance of harms weighs heavily for First Choice, as AG Platkin suffers no injury in having to wait for documents to pursue an organization that has been peacefully operating in New Jersey for 40 years. Nor does he need these documents to protect the public interest, for "[t]here is a strong public interest in upholding the requirements of the First Amendment." *Amalgamated Transit Union Loc. 85 v. Port Auth. of Allegheny Cnty.*, 39 F.4th 95, 109 (3d Cir. 2022). Accordingly, the factors here favor entering an injunction pending appeal.

WHEREFORE, First Choice requests that the Court grant the requested motion for an injunction pending appeal by enjoining AG Platkin from enforcing the Subpoena. First Choice **further requests expedited consideration of this motion**.

Dated: January 17, 2024

Respectfully submitted,

/s/ Lincoln Davis Wilson
Lincoln Davis Wilson (N.J. 02011-2008)
Timothy A. Garrison*
Gabriella McIntyre*
Mercer Martin*
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
lwilson@ADFLegal.org
tgarrison@ADFLegal.org
gmcintyre@ADFLegal.org
mmartin@ADFLegal.org

*Counsel for Plaintiff*
*\*Motion for pro hac vice admission filed*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, a true and correct copy of the foregoing documents was served upon all counsel of record via the Court's electronic notification system.

/s/ Lincoln Davis Wilson
Lincoln Davis Wilson

5