# EXHIBIT 12

MIKIE SHERRILL
*Governor*

DR. DALE G. CALDWELL
*Lt. Governor*

*State of New Jersey*
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
PO Box 45029
Newark, NJ 07101

JENNIFER DAVENPORT
*Attorney General*

MICHAEL C. WALTERS
Director

April 30, 2026

**VIA ELECTRONIC FILING**

Hon. Lisa M. Adubato
Chancery Division, General Equity Part
Superior Court of New Jersey, Essex County
Newark, New Jersey 07101

**Re: Davenport, et al. v. First Choice Women's Resource Centers, Inc.**
**Docket No.: ESX-C-000022-24**

Dear Judge Adubato:

Yesterday, the U.S. Supreme Court issued its decision in *First Choice Women's Resource Centers, Inc. v. Davenport*, Case No. 24-781 (attached as Exhibit A). The Court determined that First Choice has Article III standing to proceed with a federal-court challenge to the Division of Consumer Affairs' November 15, 2023 subpoena at issue in this case. The Court, however, did not "decide the merits of First Choice's" challenge to the Subpoena. *See* Ex. A, at 5.

This Court should now proceed to resolve the enforceability of that Subpoena. On December 21, 2024, this Court entered an order staying proceedings regarding the enforcement of the Subpoena, but specifying that "the stay shall terminate upon issuance of the mandate from the U.S. Supreme Court." That mandate has now issued, and the stay has terminated. Enforcement of this Court's June 18, 2024 Order, which had already granted Plaintiffs' Order to Show Cause seeking enforcement of the Subpoena, is again squarely before this Court.

There is no basis for this Court to stay its hand while the federal-court litigation proceeds simultaneously. As First Choice conceded to the U.S. Supreme Court,[1] the Appellate Division's

[1] First Choice's petition for mandamus to the Supreme Court stated that "[m]oving in state court to stay that proceeding under the first-filed rule would be no help because the New Jersey Appellate Division has already held that that rule does not apply under these circumstances." Just so.

decision in *Platkin v. Smith & Wesson Sales Co*., 474 N.J. Super. 476 (App. Div. 2023), holds that it is inappropriate to stay proceedings in state court while federal litigation continues, because state courts are equally competent to resolve federal constitutional arguments. As in *Smith & Wesson*, DCA issued a subpoena seeking information relevant to determining potential violations of state law. In response, as in *Smith & Wesson*, First Choice "sprint[ed] to the federal courthouse" to create duplicative litigation in an effort to "effectively stop[] a valid investigation in its tracks." 474 N.J. Super. at 488. Irrespective of how the litigation proceeds in federal court, adjudicating the Subpoena in this Court is the most efficient path forward, since this Court, unlike the federal court, can resolve *all* pending issues, including not only the federal constitutional issues, but also all state law issues. And, most crucially, only this Court actually has the ability to enforce the Subpoena—one that DCA issued nearly two and a half years ago. The Appellate Division's decision in *Smith & Wesson* thus applies fully here.

This Court should therefore set a conference for the parties to discuss how best to address the still-pending legal issues in this case. While the Court's December 2, 2024 Order "required the parties to meet to discuss and possibly narrow the scope of such demands deemed objectionable by defendant," First Choice has consistently advanced the position, including to the U.S. Supreme Court, that the Subpoena is objectionable in toto. Thus, it appears unlikely that any further negotiations would resolve the core dispute between the parties. Instead, any further delays would only allow First Choice to thwart state-court review and thus ensure litigation in its preferred federal forum, contrary to *Smith & Wesson*.

Very truly yours,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By: *Lauren E. Van Driesen*
Lauren E. Van Driesen
Deputy Attorney General